## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS FIGUEROA,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:21-601** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **SHENANDOAH BOROUGH,** *et al.***,** | **:** | |
| **Defendants** | **:** | |

## **MEMORANDUM**

Presently before the court, in this civil rights action under 42 U.S.C. §1983, is the defendants' partial motion to dismiss, (Doc. 13), plaintiff's amended complaint, (Doc. 11), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cognizable constitutional claims as well as state law claims. The defendants also contend that the plaintiff failed to state cognizable municipal liability claims against Shenandoah Borough, (the "Borough"), and the Municipal Authority of the Borough of Shenandoah, ("Municipal Authority"), under Monell. The motion to dismiss has been fully briefed and Exhibits were submitted, and it is pending before the court. After the defendants filed their motion to dismiss, the court extended the discovery

period twice as well as the deadline to file motions for summary judgment. (Docs. 25 & 28).[1]

The plaintiff is Carlos Figueroa a Hispanic adult residing in the Borough with Aguilar. The defendants are the Borough, the Municipal Authority, William Moyer, Sr., ("Moyer, Sr."), an employee of the Municipal (Water) Authority, and, his son, William Moyer, Jr., ("Officer Moyer"), a patrolman with the Borough Police Department. In Count I of his amended complaint, plaintiff raises a 1st Amendment Retaliatory Arrest claim against all defendants. In Count II, plaintiff raises a 4th Amendment Unreasonable Search and Seizure claim against all defendants. In Count III, plaintiff raises a Malicious Prosecution claim under 1983 against all defendants. In Count IV, plaintiff

---

[1]The court notes that for purposes of discovery this case was consolidated with the related case filed by Priscilla Aguilar, wife of Carlos Figueroa, against William Moyer, Sr., an employee of the Municipal Authority of the Borough of Shenandoah. *See* 21-CV-595, M.D. Pa. In her case, Aguilar raises a 1st First Amendment claim under 42 U.S.C. §1983, as well as a state law battery claim, as a result of Moyer Sr.'s alleged actions in obstructing her ability to record the arrest of her husband, Figueroa. The parties in Aguilar's case consented to allow Magistrate Judge Carlson handle their case for all matters. On December 7, 2021, Judge Carlson issued a Memorandum and Order denying Moyer's motion to dismiss in Auguilar's case.  (Docs. 23 & 24, 21-CV-595). This court then referred the instant case to Judge Carlson for discovery purposes only. Since the background of this case overlaps with the alleged facts of the Aguilar case, and both cases pertain to the arrest of Figueroa, the court incorporates herein by reference Judge Carlson's December 7, 2021 Memorandum, (Doc. 23 at 1-4, 21-CV-595).

raises a conspiracy claim under §1983 against all defendants. In Count V, plaintiff raises a state law Malicious Prosecution claim against the  Moyer defendants, and in Count VI, he asserts a state law assault and battery claim against Moyer, Sr.

Both Moyer defendants are sued only in their individual capacities.

In their partial motion to dismiss, defendants request that all claims against the Borough and the Municipal Authority be dismissed, that Counts I, II, III, IV, and V against Moyer, Sr. be dismissed, and that Counts I, III, IV, and V against Officer Moyer be dismissed. Defendants also assert that the two individual defendants are entitled to qualified immunity.

Defendants' partial motion to dismiss will be granted in part, and denied in part.

The court has reviewed the briefs of the parties regarding the defendants' motion to dismiss. Accepting the allegations in the amended complaint as true, as the court must, *see* Wheeler v. Wheeler, 639 Fed.Appx. 147, 149 (3d Cir. 2016) ("In evaluating a motion to dismiss, [the court] consider[s] the well-pleaded allegations of the complaint, accepting factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."), the plaintiff has stated plausible 1st Amendment retaliation claims against both of the individual Moyer defendants in Count I.

- 3 -

right

The court in Yoast v. Pottstown Borough, 437 F. Supp. 3d 403, 419 (E.D. Pa. 2020), explained:

> [A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action. Plaintiff must also show the absence of probable cause for the arrest.

(internal citations and quotations omitted). *See also* Conard v. Pa. State Police, 902 F.3d 178, 183–84 (3d Cir. 2018). Further, the constitutionally protected conduct must be a substantial or motivating factor in the retaliatory action. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

As to Moyer, Sr., the court concurs with Judge Carlson's analysis in the Aguilar case and his conclusion that "[t]he pleadings as they stand do not permit an answer, as a matter of law, as to whether Moyer [Sr.] acted under color of state law [for purposes of §1983] at the time of th[e] [alleged] incident."[2] Plaintiff has also alleged sufficient facts to state a 1st Amendment

---

[2]The court notes that since Judge Carlson states he correct legal standard for a civil rights action under §1983 and a 1st Amendment retaliation claim as well as the applicable case law in determining whether a person is acting under color of state law in his December 7, 2021 Memorandum, (Doc. *(footnote continued on next page)*

retaliation claim against Moyer, Sr., even though he did not have the legal authority to effectuate plaintiff's arrest. *See* <u>Lauren W. v. DeFlaminis</u>, 480 F.3d 259, 267 (3d Cir. 2007). Further, plaintiff alleges that Moyer Sr. physically assisted Officer Moyer in effecting his arrest. (Doc. 11, ¶27). Also, as Judge Carlson found, (Doc. 23 at 14, 21-CV-595), in rejecting Moyer Sr.'s motion arguing that he was entitled to qualified immunity since "there is no clearly established law stating that government officials outside of law enforcement can be liable for retaliating against individuals who record police activity", "the right to record police activity was clearly established at the time of the underlying incident in 2019 [i.e., within the Third Circuit since 2017]." (citing <u>Fields v. City of Philadelphia</u>, 862 F.3d 353, 359 (3d Cir. 2017) ("recording police activity in public falls squarely within the First Amendment right of access to information")). Thus, plaintiff's 1st Amendment retaliation claim against Moyer, Sr. will proceed and, defendants' motion to dismiss this claim is denied.

For much of the same reasons stated above regarding defendants' contention that Moyer, Sr. was not alleged to be acting under color of state law with respect to Count I, the court will also allow plaintiff's 4th Amendment

---

23 at 9-11, 21-CV-595), the court incorporates herein by reference Judge Carlson's decision and his analysis.

unreasonable search and seizure claim against Moyer, Sr. in Count II to proceed through discovery and, defendants' motion to dismiss this claim is denied.

The court will also deny defendants' motion to dismiss plaintiff's 1st Amendment retaliation claim against Officer Moyer, since he alleges that the officer's search, seizure, and prosecution instituted against him were in retaliation for his statements to Moyer Sr., and that the officer lacked probable cause to arrest him. Defendants contend that dismissal of the plaintiff's 1st Amendment retaliation claim against Officer Moyer in Count I is appropriate to the extent plaintiff alleges his arrest was a retaliatory act, since this claim is precluded by Nieves v. Bartlett, —— U.S. ——, 139 S. Ct. 1715, 204 L.Ed.2d 1 (2019), because probable cause existed for his arrest. However, plaintiff is entitled to seek evidence during discovery regarding this issue rendering the matter more appropriate for a summary judgment motion. Thus, at the present stage of the case, prior to completion of discovery and full development of the facts, it is premature to determine whether Officer Moyer had sufficient probable cause to arrest and charge plaintiff regardless of the fact that the charges were bound over for court on June 19, 2019, after a preliminary hearing before a magisterial district judge. (*See* Doc. 20-1). In

fact, all of the charges Officer Moyer filed against plaintiff were later dismissed.

Thus, plaintiff has plead sufficient facts that make it plausible that defendant Officer Moyer lacked probable cause to arrest him and to believe that plaintiff had committed the offenses with which he was charged. *See* Watson v. Witmer, 183 F.Supp.3d 607, 614-15 (M.D. Pa. 2016) (finding that a determination that probable cause must have existed [by defendant officer] was premature at the motion to dismiss stage). Plaintiff will have the opportunity through discovery to try and establish the requisite causal link for his retaliation claim against Officer Moyer. Thus, defendants' motion to dismiss plaintiff's 1st Amendment retaliation claim against Officer Moyer in Count I is denied, and this claim will proceed.

Defendants also seek dismissal of Count III in which plaintiff asserts a §1983 malicious prosecution claim under the "Fourth, Fifth and Sixth Amendments." (Doc. 11, ¶64). No doubt a malicious prosecution claim under §1983 is properly brought under the 4th Amendment, *see* Yoast, 437 F. Supp. 3d at 419 n. 27 (noting that "the Fourth Amendment is the proper constitutional provision to analyze a §1983 claim for malicious prosecution"), and, thus the 5th and 6th Amendment claims in Count III are not appropriate. The court also notes that to the extent that the plaintiff is attempting to rely

upon the 5th Amendment Due Process Clause in Count III, it is subject to dismissal since this clause only applies to federal officials, *see* Bergdoll v. City of York, 515 Fed.Appx. 165, 170 (3d Cir. 2013) ("[plaintiff's] Fifth Amendment claim fails because the Due Process Clause of the Fifth Amendment only applies to federal officials, and [defendant] Officer is state official"), and there are no federal official defendants in this case. As such, plaintiff's 5th and 6th Amendment claims in Count III are dismissed with prejudice against all defendants.

"To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Yoast, 437 F. Supp. 3d at 421 (citations omitted).

The plaintiff has plausibly stated a 4th Amendment malicious prosecution claim against defendant Officer Moyer in Count III, and the defendants' motion to dismiss it is denied. (*See* Doc. 11 at ¶¶60-63). As discussed above, plaintiff is entitled to discovery as to whether Officer Moyer initiated plaintiff's prosecution without probable cause and, whether the officer

- 8 -

acted maliciously or for a purpose other than bringing plaintiff to justice. As such, the plaintiff's 4th Amendment malicious prosecution claim against Officer Moyer in Count III will proceed.

Plaintiff states in his brief, (Doc. 21 at 11), that insofar as defendants seek to dismiss Moyer, Sr. from Count III, his counsel "represents that Count III is not brought against Moyer Sr.", and that Moyer, Sr. was erroneously included in Count III. Since a brief cannot amend a pleading, *see* Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988), plaintiff's 4th Amendment malicious prosecution claim against Moyer, Sr. will be dismissed with prejudice since he did not initiate any criminal proceeding against plaintiff, (*see* Doc. 20-1), and since plaintiff was not deprived of his liberty by Moyer, Sr. *See* Yoast, 437 F. Supp. 3d at 421.

Since the elements of a state law malicious prosecution claim essentially mirror the elements of this claim under the 4th Amendment, *see* Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002), and since "[t]he Pennsylvania and federal standards regarding the existence of probable cause are the same", DeBellis v. Kulp, 166 F.Supp.2d 255, 280 (E.D. Pa. 2001), based on the discussion above, the court will deny defendants' motion to dismiss the plaintiff's malicious prosecution claim against Officer Moyer in

Count V, and it will grant the motion to dismiss Count V against Moyer, Sr., with prejudice.

Next, the court considers plaintiff's conspiracy claim under §1983 in Count IV against defendants. "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred", and "[t]he Court does not consider any conclusory allegations [such as] that there was a corrupt conspiracy, an agreement, or an understanding in place between the Defendants." Yoast, 437 F. Supp. 3d at 421 (internal quotations and citations omitted). S*ee also* Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (conspiracy claims based on a plaintiff's mere suspicion and speculation are subject to dismissal). Here, plaintiff's allegations that Officer Moyer and Moyer, Sr. "conspired with" each other, and/or with the Borough and Municipal Authority, to violate his rights, (*see* Doc. 11, ¶¶ 11-35, 44, 66-67), sufficiently allege facts showing the existence of a conspiracy at this stage of the case to support his §1983 conspiracy claim. Plaintiff has plausibly alleged facts to show that Moyer, Sr. "willfully participate[d] in a joint action or conspiracy with [Officer Moyer] to deprive the plaintiff of a constitutional right." Forlina v. Doe, 2019 WL 5188400, at *7 (E.D. Pa. Oct. 11, 2019).

Defendants also contend that plaintiff's alleged conspiracy between the Borough and Officer Moyer, and the Borough and Moyer, Sr., must also be dismissed because a municipal entity cannot conspire with itself under the "intracorporate conspiracy doctrine." "Under this doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." Whaumbush v. City of Phila., 747 F.Supp.2d 505, 521 (E.D. Pa. 2010) (citation omitted). Further, "[t]he Third Circuit has extended the doctrine to alleged conspiracies involving governmental entities." Id. n. 8 (citing Heffernan v. Hunter, 189 F.3d 405, 412 n. 5 (3d Cir. 1999)). "The doctrine does not apply, however, "if the officer is acting in a personal, as opposed to official capacity"—in other words, "when the employees have acted for their sole personal benefit and thus outside the course and scope of their employment." Id. (citing Heffernan, 189 F.3d at 412). The court will allow plaintiff discovery to seek facts as to whether Officer Moyer and Moyer, Sr. acted outside of the scope of their employment.

Thus, defendants' motion to dismiss Count IV will be denied and plaintiff's §1983 conspiracy claim will proceed against all defendants. See id. (holding that since plaintiffs only sued defendants for personally conspiring to deprive him of his civil rights, the issue of "whether the individual defendants

were, in fact, motivated by personal racial animus is a factual issue not appropriate for resolution at the pleadings stage.").

Next, the court finds that plaintiff has stated cognizable municipal liability claims against the Borough and Municipal Authority in the federal Counts under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), based on his allegations that the defendants' actions were the result of a policy, custom or practice of "discriminatory animus towards Hispanic persons", and he has alleged sufficient facts to establish a failure to train and supervise claim against the defendant municipalities. (*See* Doc. 11, at ¶¶33-46) (alleging that the Municipal Authority, despite be aware of the discrimination by Moyer, Sr. against Hispanic persons, and despite knowing that Moyer, Sr. was "a former police officer who is a convicted felon with a history of lying due to a discriminatory animus towards Hispanics", allowed his "continued interaction with Hispanic persons within the Borough" "without any corrective actions or training for its employees, or the supervision of its employees, to ameliorate the prejudice against Hispanic residents."). Plaintiff also alleges, that "[a]t all relevant times, [Officer] Moyer, Jr., a police officer of the Borough, had knowledge of Moyer Sr.'s animus against Hispanic persons and Moyer Sr.'s character for untruthfulness." (Doc. 11, ¶44). Additionally, plaintiff has sufficiently

alleged that Officer Moyer was a policymaker, (Doc. 11, ¶40), and as he states, "the Court must treat as a question of fact permitted under the Borough Code." (Doc. 21 at 5) ("The Borough of Shenandoah is governed by the Borough Code, 8 Pa.C.S. §101, *et seq.*, where the Mayor 'may delegate to the chief of police or other officer supervision over and instruction to subordinate officers in the manner of performing their duties.'" *Id.* §1123.1(c)). Further, plaintiff alleges that "the Borough, which controls the Municipal Authority, as well as the Municipal Authority itself, ratified the actions of Moyer Sr. by hiring him for the Municipal Authority as a foreman with interaction with Hispanic residents, thereby making discriminatory animus against Hispanics the official policy." (Doc. 11, ¶¶ 38-39, 45-46).

The plaintiff will be afforded the opportunity to present facts and evidence through discovery regarding his <u>Monell</u> claims against the Borough and Municipal Authority and, these claims will be reconsidered if the defendants file a summary judgment motion and raise this issue. Thus, defendants' motion to dismiss the municipal liability claims against the Borough and Municipal Authority with respect to the remaining federal Counts is denied. *See* <u>Watson</u>, 183 F.Supp.3d at 614-15 (citing <u>Tarapchak v. Lackawanna Cty.</u>, 173 F.Supp.3d 57, 84–87 (M.D. Pa. 2016)).

Finally, defendants' motion to dismiss the claims against Officer Moyer and Moyer, Sr. based on qualified immunity will be denied with respect to the remaining federal claims against them. As to Moyer, Sr., the court concurs with Judge Carlson's analysis in his December 7, 2021 Memorandum denying this defendant's motion to dismiss Aguilar's federal claims against him based on qualified immunity. (*See* Doc. 23 at 12-15, 21-CV-595). Also, since Judge Carlson states the correct law with respect to the qualified immunity defense as well as a correct analysis of the case of <u>Fields v. City of Philadelphia</u>, 862 F.3d 353 (3d Cir. 2017), in his Memorandum, the court incorporates it herein. (*See id*.). In short, as Judge Carlson found, (*id*. at 15), a qualified immunity determination, …, should await some furth[er] development of the factual record", and '[b]ecause we read <u>Fields</u> as prohibiting interference with the right to record police activities by government employees generally, we find that the right was clearly established at the time of the [Figueroa arrest] incident in 2019, and Moyer [Sr.] is not entitled to qualified immunity based solely upon the pleadings."

As to Officer Moyer, it is clearly premature at this stage of the case to decide if he is entitled to qualified immunity regarding the remaining federal claims against him based on the above discussion and the court's finding that the disposition of the plaintiff's 1st and 4th Amendment claims are more

appropriately addressed after discovery is completed and on a motion for summary judgment. *See* Martin-McFarlane v. City of Phila., 299 F. Supp. 3d 658, 668 (E.D. Pa. 2017) ("At the pleading stage, 'qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint.'") (citation omitted).

Finally, to the extent plaintiff seeks punitive damages against the two Moyer defendants in their individual capacities with respect to his federal claims, the court notes that punitive damages are recoverable in individual capacity suits against state actors for conduct exhibiting "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law", Smith v. Wade, 461 U.S. 30, 51, 103 S.Ct. 1625 (1983), and, plaintiff's allegations sufficiently allege such conduct by the two Moyer defendants.

Accordingly, defendants' motion to dismiss, **(Doc. 13)**, plaintiff's amended complaint, **(Doc. 11)**, is **GRANTED IN PART AND DENIED IN PART**, as specified above. An appropriate Order will issue.


*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 18, 2022**
21-144-01

- 15 -