UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS FIGUEROA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:21-601 |
| v. | : | (JUDGE MANNION) |
| WILLIAM MOYER, SR., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Presently before the court is the report of Judge[1] Carlson, (Doc. 51), which recommends the court grant in part and deny in part the defendants' motion for summary judgment of Plaintiff's claims, (Doc. 37). Plaintiff brings this suit to recover for alleged harm arising out of events surrounding his arrest in April 2019. Judge Carlson found there are significant disputes of material fact precluding summary judgment of most of Plaintiff's claims, except his *Monell* and conspiracy claims against the Borough. The court agrees and will **ADOPT** the report in its entirety.

---

[1] In his objections, Plaintiff, on several occasions, misidentifies Magistrate Judge Carlson as "[t]he Magistrate." (*See, e.g.,* Doc. 53-1 at 14, 15). The title "magistrate" no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in **1990**. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Plaintiff's counsel is reminded to use the correct title in the future when referring to Judge Carlson.

**I.   S<small>TANDARD OF</small> R<small>EVIEW</small>**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not

have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

Lastly, since Judge Carlson states the appropriate standards for summary judgment motions and for Plaintiff's constitutional and state law claims, the court will not repeat them herein. (*See* Doc. 51).

## II.   DISCUSSION[2]

Plaintiff objected to Judge Carlson's recommendations that the court grant summary judgment for the Borough of Shenandoah (the "Borough") as to Plaintiff's *Monell* and §1983 conspiracy claims. (Doc. 53). Those objections are addressed below in turn. Plaintiff and Defendants also objected to Judge Carlson's report based on the fact that it appears he did not address the Defendants' summary judgment motion with respect to the claims against the Municipal Authority. (Docs. 53 & 54). Rather than address

---

[2] Since the full factual background and undisputed material facts of this case are stated in Judge Carlson's report, the briefs of the parties, and the parties' statements of facts, they will not be fully repeated herein. (*See* Docs. 37, 38, 39, 40, 46, 47, 50, 51).

the parties' arguments for and against judgment in favor of the Municipal Authority on Plaintiff's claims in this procedural posture, the court will refer this matter back to Judge Carlson with instructions to file another report addressing the claims against the Municipal Authority.

    A.    ***Monell* claim against the Borough**

Plaintiff first objects to Judge Carlson's recommendation that the court grant Defendants summary judgment as to Plaintiff's *Monell* claim against the Borough. Plaintiff contends Judge Carlson erred by applying the wrong legal standard and by misapplying the law to the facts. However, a review of the report reveals no such errors.

First, Judge Carlson applied the appropriate summary judgment standard to Plaintiff's *Monell* claim. Judge Carlson spends just short of four pages of his report carefully and exhaustively delineating the correct summary judgment standard under Rule 56 of the Federal Rules of Civil Procedure, along with the controlling Supreme Court and Third Circuit precedent explicating the standard. (Doc. 51 at 9–12). Judge Carlson then spends more than two pages explaining, with citation to controlling authority, how the summary judgment standard is applied in the context of a *Monell* claim. (Doc. 51 at 13–15). After providing several quotes from controlling authority that shed light on the requirements placed on a plaintiff to bring a

*Monell* claim, Judge Carlson describes the standard as "exacting." (Doc. 5 at 13). Plaintiff, in his objections, seizes on the descriptor chosen by Judge Carlson and cries error based on the Judge's purported adoption of an "exacting standard." (Doc. 53-1). But Judge Carlson's description of the standard did not change the standard, and a fair reading of the *Monell* standard, including the Third Circuit's description of the same, suggests the descriptor "exacting" is apt.

In any event, the court has reviewed Judge Carlson's *Monell* analysis and sees no error. That Judge Carlson applied the correct summary judgment standard can be seen in his conclusion regarding the *Monell* claim: "[W]e conclude that [Plaintiff] has not set forth evidence to create a genuine dispute of fact as to his *Monell* claim." (Doc. 51 at 15). This is a near verbatim recitation of the summary judgment standard, which a review of the report reveals Judge Carlson faithfully applied.

Second, Plaintiff has failed to demonstrate error in Judge Carlson's application of the legal standard to the facts of record. In objecting to the report on this issue, Plaintiff effectively rehashes his arguments that a genuine dispute of material fact exists as to the municipality's liability based predominately on Defendant Moyer Sr.'s 2011 federal conviction for making false statements to the FBI during an investigation into the murder of a

Hispanic man while he was a police officer. However, Judge Carlson did not err when he concluded that no reasonable juror could infer that the Borough had a policy or practice of discriminating against Hispanic individuals, and that Plaintiff did not demonstrate the absence of a policy or practice was constitutionally infirm.

Therefore, the court will adopt Judge Carlson's recommendation with respect to Plaintiff's *Monell* claim against the Borough.

### B.     §1983 conspiracy claim against the Borough

Plaintiff next objects to Judge Carlson's recommendation that the court dismiss the §1983 conspiracy claim against the Borough. Judge Carlson found "there are no facts from which we can infer that the Borough as an entity conspired with the individual defendants." (Doc. 51 at 37). The court has reviewed the record and finds Judge Carlson did not err in reaching this conclusion. Plaintiff tries to demonstrate error by arguing in his objections that since Judge Carlson "agreed that the record established a conspiracy between [Defendants] Moyer Sr. and Officer Moyer Jr.," "[t]hat finding . . . is conclusive on the Borough as well, because Officer Moyer[] Jr. was in uniform, on duty, and acted in his official capacity in arresting [Plaintiff]." (Doc. 53-1 at 14). However, to find that the Borough agreed to deprive Plaintiff of his constitutional rights based on Officer Moyer Jr.'s alleged

- 7 -

agreement with Moyer Sr. would flout *Monell's* long-established holding that a municipality cannot be held liable under §1983 on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Thus, the court will adopt Judge Carlson's recommendation with respect to this claim.

### III.   CONCLUSION

The court has reviewed the report of Judge Carlson recommending the court grant in part and deny in part the defendant's motion for summary judgment, (Doc. 37). Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** the defendant's motion with respect to the *Monell* claim and as to the Borough on the conspiracy claim. The court will **DENY** the motion with respect to Plaintiff's remaining claims. An appropriate order will issue.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
21-601-02